UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

MITCH ENGLESON,

                Defendant.

No. 13-cr-340-3 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

       The Court is in receipt of: (1) a letter from Defendant (attached to the Court's Order at Doc. No. 397) requesting that the Court reduce his sentence in light of the recent COVID-19 pandemic and (2) the government's response to that request (Doc. No. 398).

       To the extent that Defendant's request can be construed as a motion for compassionate release pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), the Court is constrained to deny such request. "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02-cr-743 (CM), 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). Section 3582(c) provides certain exceptions to this general rule, including that a court may "reduce" a defendant's sentence after considering the factors in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and that the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A court is permitted to do so, however, only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier." *Id.* Defendant has not, to the Court's knowledge, made a request to the warden of his facility to bring such a motion. Accordingly, the statutory requirement is not met, and the Court may not grant relief under this provision. *See United States v. Woodson*, No. 18-cr-845 (PKC), 2020 WL 1673253, at *3-4 (S.D.N.Y. Apr. 6, 2020) (concluding that because § 3582(c)(1)(A)'s requirement is statutory, not judicial, district courts may not "waive" exhaustion in the present context).

Although the Court is not empowered to reduce Defendant's sentence under this statute, it is certainly free to recommend to the Bureau of Prisons ("BOP") that it allow Defendant to be immediately transferred to home confinement. Under the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. *See* Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

While recognizing that the ultimate decision of whether to release an inmate to home confinement rests with the BOP, the Court recommends that – in light of Defendant's age, personal medical history, the relative proximity of his expected release date, and the public health and safety considerations raised by the ongoing pandemic – the BOP consider promptly placing Defendant in home confinement in order to mitigate Defendant's health risk, pursuant to 18 U.S.C. § 3624(c)(2) and the CARES Act. The Clerk of Court is respectfully directed to terminate the motion

pending at document number 398, and the government is directed to serve a copy of this order on the warden of Defendant's facility and to the Regional Counsel of the BOP.

SO ORDERED.

Dated:     April 9, 2020
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation